**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

RABINDRANATH BENJAMIN,
                                        Plaintiff,

    v.                                                No. 07-CV-506
                                                         (LEK/DRH)

PANG LAY KOOI, Medical Doctor; CAROL
WALLACE, Registered Nurse, Cayuga County
Jail; and JACKIE CHADWICK, Registered
Nurse, Cayuga County Jail,
                                        Defendants.

---

**APPEARANCES:**                                    **OF COUNSEL:**

RABINDRANATH BENJAMIN
Plaintiff Pro Se
14021052
Moshannon Valley Correctional Center
555 Cornell Drive
Philipsburg, Pennsylvania 16866

PETRONE & PETRONE, P.C.                 DAVID H. WALSH, IV, ESQ.
Attorney for defendants
108 West Jefferson Street
Suite 305
Syracuse, New York 13202

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se Rabindranath Benjamin ("Benjamin"), formerly an inmate in the custody of the Cayuga County Jail ("Cayuga") and currently in custody in the State of Pennsylvania, brings this action pursuant to 42 U.S.C. § 1983 which, liberally construing the complaint, alleges that three Cayuga employees violated his constitutional rights under the Eighth and

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Fourteenth Amendments. Compl. (Docket No. 1). Presently pending is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 37(d). Docket No. 26. Benjamin opposes the motion. Docket No. 28. For the reasons which follow, it is recommended that the motion be denied.

## I. Background

The facts are presented in the light most favorable to Benjamin as the non-moving party. See Ertman v. United States, 165 F.3d 204, 206 (2d Cir. 1999).

At all relevant times, Benjamin was incarcerated at Cayuga. Compl. ¶ 6. On or about October 16, 2006, Benjamin slipped on water outside the shower area, fell, and lost consciousness. Id. Benjamin was taken to the Auburn Memorial Hospital. Id. Upon his return to Cayuga, he "suffered [from] severe neck and back pain, excruciating pain in [his] legs, loss of short-term memory, headaches and migraines, and constant pain in [his] hips." Id. Benjamin asserts that defendants denied him appropriate pain medication and diagnostic testing after his fall. Id. Additionally, Benjamin alleges that he attempted to file multiple grievances pertaining to his lack of medical treatment and he was told that since the medical staff had already seen him, the situation was resolved and he was unable to file a grievance. Id.

This action followed. On July 26, 2007, defendants served their first set of interrogatories and request for production of documents on Benjamin. Walsh Decl. (Docket No. 26-2) ¶ 9 & Ex. A. On August 9, 2007, Benjamin requested an extension of time to respond to the interrogatories, which defendants granted. Walsh Decl. ¶¶ 10, 12, & Exs. B & C. In the interim, a pretrial scheduling order was issued establishing a deadline for

2

completion of discovery of February 29, 2008, a dispositive motion deadline of June 30, 2008, and a non-dispositive motion deadline of October 30, 2007.  Docket No. 16.

On October 22, 2007, defendants received Benjamin's responses to their first set of interrogatories, which they deemed incomplete, unresponsive, and uncertified.  Walsh Decl. ¶ 13 & Ex. D.  The next day, defendants sent a letter to Benjamin detailing their objections to Benjamin's responses and giving him an additional twenty days to send his amended answers to the interrogatories.  Id. ¶ 14 & Ex. E.  Benjamin has neither amended his responses, certified them, nor made any discovery demands upon defendants.  Id. ¶¶ 15-16.

On October 30, 2007, defendants requested that the scheduling order's deadline for non-dispositive motions be extended in light of the extension defendants granted Benjamin to file his amended responses.  Docket No. 22.  The following day, it was ordered that "the motion to compel filing deadline is current[ly] set for [March] 30, 2008" and that if an extension was needed prior to that time, the parties need only contact the Court and request it.  Docket No. 24.  Two weeks later, defendants filed the present motion to dismiss. Docket No. 26.

## II. Discussion

Fed. R. Civ. P. 37(d) provides that if a party fails to respond to a properly served set of interrogatories, the court may order sanctions including inter alia dismissal of the action in whole or part.  Fed. R. Civ. P. 37(b)(2)(v), (d).  However, "[t]he language of the rule requires a prior court order before the court may entertain dismissal."  Camara v. Daise, No. 98-CV-

3

808 (RMB/RLE), 2001 WL 263006, at *4 (S.D.N.Y. Mar. 9, 2001) (citing Israel Aircraft Indus., Ltd. v. Standard Precision, 559 F.2d 203, 208 (2d Cir. 1977) (stating that because "[d]issmissal under Fed. R. Civ. P. 37 is a drastic penalty . . . , dismissal under this subdivision [i]s improper in the absence of a [court] order.")). The court order need not necessarily be pursuant to Fed. R. Civ. P. 37(a). If it "is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order." Daval Steel Products v. M/V/ Fakredine, 951 F.2d 1357, 1363 (2d Cir. 1991).

In this case, the only court orders that were issued were scheduling orders, which "are not 'discovery orders' within the meaning of Rule 37(b)." Camara, 2001 WL 263006, at *5. As defendants note, they "should have alleged [Benjamin] violated Rule 16(f), which provides the sanction of dismissal for failing to obey scheduling and other pretrial orders." Id.; see also Defs. Mem. of Law (Docket no. 26-8) at 2 n.1. "[H]owever, the same standards govern dismissal under both rules [holding] . . . dismiss[al appropriate] . . . where (1) the party has demonstrated willfulness, bad faith or fault, (2) less drastic sanctions will not work, and (3) the party has been warned of the risk of dismissal for failure to comply with court orders." Camara, 2001 WL 263006, at *5 (internal quotations and citations omitted).

When, as here, a party seeks dismissal against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally,". . . and that such submissions must be read to raise the strongest arguments that they 'suggest. . . . . At the same time, our cases have also indicated that we cannot read into pro se submissions claims that

4

>are not "consistent" with the pro se litigant's allegations, . . or arguments that the submissions themselves do not "suggest, . . ." that we should not "excuse frivolous or vexatious filings by pro se litigants" . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law . . . ."

Id. (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant #1, __ F.3d __, 2008 WL 3294864, at *5 (2d Cir. Aug. 12, 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally.'" (citations omitted)).  While pro se litigants are afforded special solicitude, the bounds of that solicitude are not endless and, like all litigants, those proceeding pro se must comply with court orders.  McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).

In this case, it is inappropriate to impose such a drastic sanction against Benjamin. First, defendants made no attempt to obtain a compulsion order under the other provisions in Rule 37.  Absent such an order, it cannot be said that lesser sanctions would be ineffective.  Additionally, without a prior court order, Benjamin has not been afforded the requisite notice that dismissal for failure to comply may be fatal to his case.   Second, Benjamin has not demonstrated willfulness or bad faith as he served responses to the interrogatories, albeit not to defendants' satisfaction, and he has engaged in frequent correspondence with defendants and the Court about his ability to answer the interrogatories.

Accordingly, it is recommended that defendants' motion on this ground be denied.[2]

---

[2] A telephone conference will be arranged with Benjamin and defense counsel to resolve this and any other discovery disputes and to consider amending the scheduling order for completion of the case.

### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss (Docket No. 26) be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  September 3, 2008
        Albany, New York

_David R. Homer_
United States Magistrate Judge